UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES LEON DORSEY,

        Plaintiff,

v.                                                                          CASE No.: 8:15-CV-60-T-27MAP

JO ANN WILSON, ADRIANNE WILSON,
and DR. JOE WHITTAKER,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, acting *pro se,* moves for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (doc. 2) to prosecute a tortious interference with expectancy of an inheritance action he filed against his relatives and the primary care physician who cared for decedent Avie Lee Dorsey.  In support of his claim, he cites the Restatement of Torts 774B and alleges that the Defendants knowingly and intentionally murdered the decedent by overdosing her with morphine, amounting to intentional interference tortious conduct which deprived Plaintiff of his rightful inheritance because their acts prevented the decedent from disposing of her estate as she wished and prevented Plaintiff from inheriting the decedent's estate.  Section 1915 permits a Court to dismiss the Complaint if it is frivolous, malicious, or fails to state a claim.  Dismissal is also appropriate if review of the Complaint reveals a lack of subject matter jurisdiction.  *Florida Wildlife Federation, Inc. v. South Florida Water Management Dist.*, 647 F.3d 1296, 1302 (11th Cir. 2011).  After consideration, I find this Court has no subject matter jurisdiction and recommend the complaint be dismissed without prejudice.

"[F]ederal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

It is incumbent upon the party asserting jurisdiction to prove that the matter at hand is properly before this Court. *Id.*   Title 28 U.S.C. §§ 1331 and 1332 provide the statutory basis of federal court subject-matter jurisdiction.   A plaintiff may invoke § 1331 federal question jurisdiction, if the plaintiff has raised allegations "arising under" the Constitution or laws of the United States. *See* 28 U.S.C. § 1331. A plaintiff can establish federal question jurisdiction by filing a complaint that alleges a federal law creates the cause of action or that the right to relief depends on a substantial question of federal law. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808-09 (1986).   A plaintiff establishes federal diversity subject matter jurisdiction under § 1332 when the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the matter is between citizens of different states. *See* 42 U.S.C. § 1332.

Here, Plaintiff cites to 28 U.S.C. §1331 as the basis for this Court's jurisdiction, but he has not alleged that a federal law created the cause of action or that his right to relief depends on a substantial question of federal law.[1]   Hence, jurisdiction under § 1331 is not appropriate.   This Court's diversity jurisdiction is also not implicated because the Plaintiff, residing in Daytona Beach, Florida, brings suit against Defendants who are all residents of Tampa, Florida.   Therefore, since this Court lacks subject matter jurisdiction over this case, I recommend the motion to proceed *in forma pauperis* be DENIED and the case be DISMISSED without prejudice.

Accordingly, it is

RECOMMENDED:

---

[1]   Citing to Restatement (Second)  of Torts §774B, he alleges that his cause of action is based on tortious interference with the expectancy of an inheritance.  Florida courts recognize such a cause of action. *See generally DeWitt v. Duce*, 599 F.2d 676 (5th Cir. 1979) (stating that Florida law recognizes an independent cause of action based upon intentional interference with an inheritance); *Whalen v. Prosser*, 719 So. 2d 2 (Fla. 2d DCA 1998).

1.      Plaintiff's request to proceed *in forma pauperis* be denied (doc. 2) and his Complaint

be dismissed without prejudice.

IT IS SO REPORTED at Tampa, Florida, this 13th day of February, 2015.

*Mark A. Pizzo*

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in

this report within fourteen (14) days from the date of its service shall bar an aggrieved party from

attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).

Copies to:      Counsel of Record
                Charles Leon Dorsey, *pro se*