UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES LEON DORSEY,

    Plaintiff,

v.                                            Case No: 8:15-cv-60-T-27MAP

JOANN WILSON, ADRIANNE WILSON,
ANDREW JONES and JOE
WHITTAKER, DR. ,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the Magistrate Judge recommending that Plaintiff's Complaint (Dkt. 1) be dismissed and his request to proceed *in forma pauperis* (Dkt. 2) be denied (Dkt. 6). Plaintiff has filed objections (Dkts. 7, 8).[1] Upon consideration, Plaintiff's objections are overruled and the Report and Recommendation is adopted as the opinion of the Court.

A district court may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Objections must "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see Leatherwood v. Anna's Linens Co.*, 384 Fed. App'x. 853, 857 (11th Cir. 2010). Legal conclusions are reviewed *de novo*, even in the absence of an objection. *See LeCroy v. McNeil*,

---

[1] The only difference between the two filings is that Plaintiff attached an Amended Complaint to the second filing.

1

397 Fed. Appx. 554, 556 (11th Cir. 2010) (citing *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982)); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

The Magistrate Judge recommended that Plaintiff's Complaint be dismissed because he failed to allege a basis to invoke this Court's subject matter jurisdiction. Plaintiff objects to the Report and Recommendation and contends that a federal court has jurisdiction to entertain suits against a decedent's estate in favor of heirs. In addition, he amended his complaint to allege that the claimed intentional tortious interference with his mother's estate violated his due process rights.

The cases cited by Plaintiff are inapposite. While they stand for the general proposition that a federal court may have jurisdiction over cases involving a will or probate proceeding, despite the probate exception to diversity jurisdiction, Plaintiff does not allege a basis for diversity jurisdiction. *See, e.g. Looney v. Capital Nat. Bank of Austin, Tex.*, 235 F.2d 436, 438 (5th Cir. 1956) ("United States court in that state has jurisdiction to entertain such an action where the requisite *diversity of citizenship and amount in controversy are present*, and so long as it does not interfere with the administration of the estate in a state court.") (citing *Sutton v. English*, 246 U.S. 199, 205, 38 S.Ct. 254, 62 L.Ed. 664 and *Markham v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256. ). Nor does it appear he will be able to as he alleges that he and all Defendants are residents of Florida.

And *Kimes v. Stone*, 84 F.3d 1121, 1124 (9th Cir. 1996) was brought under 42 U.S.C. § 1983. To the extent Plaintiff alleges a violation of his due process rights and brings this action under 42 U.S.C. § 1983, he does not allege that any of the defendants are state actors. Section 1983 provides a mechanism for seeking redress for an alleged deprivation of a litigant's federal constitutional and federal statutory rights only by persons acting under color of state law. Plaintiff therefore fails to state a section 1983 cause of action because he does not allege that defendants are state actors. *See*

*Am. Mfrs. Mur. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (citations and quotations omitted).

Accordingly,

1. Plaintiff's Objections are **OVERRULED**.

2. The Report and Recommendation (Dkt. 6) is **APPROVED** and **ADOPTED** as the opinion of the Court for all purposes, including for appellate review.

3. Plaintiff's request to proceed *in forma pauperis* (Dkt. 2) is **DENIED**.

3. Plaintiff's Complaint is **DISMISSED**.

**DONE AND ORDERED** this 15th day of April, 2015.

```
                                    JAMES D. WHITTEMORE
                                    United States District Judge
```

Copies to:
pro se Plaintiff
Counsel of Record